UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELINDIA GAIL JACKSON,

   Debtor.

Case No. DK 13-07534
Hon. Scott W. Dales
Chapter 7

_____/

MELINDIA GAIL JACKSON,

   Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR IN INTEREST TO
WACHOVIA BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR GSMPS
MORTGAGE LOAN TRUST 2004-1,

   Defendant.

Adv. Pro. No. 15-80277

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:  HONORABLE SCOTT W. DALES
      Chief United States Bankruptcy Judge

*Pro se* debtor Melindia Jackson ("Ms. Jackson" or the "Plaintiff") filed a handwritten

document entitled "Complaint" (ECF No. 1) against U.S. Bank National Association, as Trustee,

successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage

Loan Trust 2004-1 ("U.S. Bank" or the "Defendant"), through which she apparently seeks to set

aside U.S. Bank's foreclosure of her home and "recover the property meaning house that was

foreclosed on." In a document entitled "Corrected Complaint in Adversary Proceedings Case NO:

15-80277," (ECF No. 8),[1] she alleges that U.S. Bank, and its counsel, sabotaged her efforts to remain in her home following this court's decision to lift the automatic stay. The Amended Complaint also suggests that the court's official stenographer made irregular redactions in a transcript of unspecified proceedings presumably related to the court's decision to lift the automatic stay.

U.S. Bank has filed a motion to dismiss the Amended Complaint, with supporting brief and exhibits (ECF No. 14, the "Motion"). At Ms. Jackson's request, the court conducted a telephonic hearing on March 14, 2016, at which U.S. Bank appeared through counsel and Ms. Jackson appeared *pro se*.

The parties spent much of their oral arguments describing the history of their relationship, with U.S. Bank reciting, as it did in connection with the motion for relief from the automatic stay, that in early January, 2014 when it filed the lift of stay motion, Ms. Jackson's mortgage account was overdue from January 1, 2009. Ms. Jackson did not contradict the statement, but instead argued, as she previously has, that U.S. Bank and its counsel did not play by the rules governing mortgage modifications and, eventually, foreclosure by advertisement.

Regardless, it plainly appears[2] that Ms. Jackson lost her home through the foreclosure that occurred after this court lifted the automatic stay, and that U.S. Bank obtained a "Possession Judgment" from the 57th District Court in Allegan County (the "State Court") on November 9, 2015.

---

[1] For convenience, the court will refer to ECF Nos. 1 and 8 collectively as the "Amended Complaint."

[2] The Amended Complaint, despite its rambling narrative, clearly seeks relief from the foreclosure and post-foreclosure proceedings. Although the foreclosure documents are attached to the Motion but not the Amended Complaint, they are sufficiently referred to in the pleading and therefore properly considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (matters referred to in complaint properly are considered on motion under Fed. R. Civ. P. 12(b)(6)). To the extent U.S.Bank challenges jurisdiction (as evident from its reliance on the *Rooker-Feldman* doctrine), the court has even more latitude under Fed. R. Civ. P. 12(b)(1). *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) (discussing "facial" and "factual" jurisdictional attacks on pleading).

In the more than two years since this court lifted the automatic stay so that U.S. Bank could foreclose and repossess a house on which the mortgage loan had allegedly not been paid since 2009, Ms. Jackson has pursued numerous judicial remedies through both the state and federal courts, and was ultimately unsuccessful each and every time.  On January 11, 2016, the State Court lifted its own stay of proceedings, and ordered that a Writ of Restitution immediately issue, authorizing U.S. Bank to physically enter and gain control of the residence.  As a result of this order, U.S. Bank's counsel reported that her client has changed the locks, and Ms. Jackson, similarly, advised the court that her belongings have been removed from the premises and sent to a landfill.

Consequently, for all intents and purposes, the foreclosure has been completed through the various orders of the State Court.  Unhappy with this outcome, Ms. Jackson now returns to the bankruptcy court to set aside the foreclosure sale and restore her to possession.  To be clear, Ms. Jackson is attempting to challenge, in the federal bankruptcy court, the rulings of the Allegan County District Court.  The court is unable and unwilling to lend its hand to her efforts.

The real estate foreclosure process is generally a matter for the state courts, and the foreclosure of Ms. Jackson's interest in her former home is no exception.  Moreover, a litigant who has unsuccessfully challenged a foreclosure in the state courts cannot turn to the federal courts to overturn adverse state court rulings.  In general, this court's original jurisdiction under 28 U.S.C. § 1334 does not allow it to act as an appellate court or exercise any supervisory role over the state courts.

Furthermore, the court's purpose in lifting the automatic stay two years ago was to surrender jurisdiction over Ms. Jackson's residence, thereby permitting Ms. Jackson and U.S. Bank to address their competing claims under state law in the state courts.  The bankruptcy court did

this because there was no equity in the property for the bankruptcy estate, and the residence was not needed for an effective reorganization of Ms. Jackson's finances.  11 U.S.C. § 362(d)(2).  In fact, owing so much money on the underwater mortgage likely imposed an impossible financial burden on Ms. Jackson -- hindering the very fresh start she hoped to achieve by filing a bankruptcy petition in the first place.

In addition to complaining about the conduct of U.S. Bank and its counsel, Ms. Jackson also accuses the court's contract court reporter (Gail Beach) of improprieties in preparing an official transcript.  Without naming Ms. Beach as a defendant, Ms. Jackson alleges that the court reporter improperly redacted a transcript of proceedings, reportedly by omitting a question from the court to the effect of "how did this happen?"[3]  The court has reviewed the only transcript that Ms. Beach has prepared and filed in the main bankruptcy case (Base Case ECF No. 76, Transcript of June 11, 2014 hearing on Motion to Reconsider Order Regarding Relief from Stay), and sees nothing irregular within the transcript.  The court assumes that Ms. Jackson may be referring to an earlier hearing on the motion for stay relief.  Regardless, against the presumption of regularity that attaches to official court transcriptions,[4] the statements within the Amended Complaint regarding Ms. Beach and any improper redaction do not plausibly state a claim, even assuming the materiality of an omission of a question from the court.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hebshi v. United States*, 12 F.Supp.3d 1036 (E.D. Mich. 2014).

---

[3] As the court recalls, it asked the question (before lifting the automatic stay) in an effort to determine the procedural and historical context of the parties' relationship, not to express shock and disbelief as Ms. Jackson implicitly contends.

[4] *See* 28 U.S.C. § 753(b) ("The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed *prima facie* a correct statement of the testimony taken and proceedings had.")

To summarize, the court finds that it does not have jurisdiction to grant the relief Ms. Jackson requests, and even if it had jurisdiction, would continue to abstain from exercising it–as it did when it lifted the automatic stay two years ago–given the pendency of the proceedings in the Allegan County Circuit Court to review the State Court's orders.  Under the circumstances, because any further amendment of the Amended Complaint in this court would be an exercise in futility, the court will simply dismiss the Amended Complaint without granting leave to replead. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Finally, Ms. Jackson has filed numerous, informal documents describing the consequences of the foreclosure in different ways, but all ultimately seeking to set aside the foreclosure sale and restore her to possession.  *See* ECF Nos. 26-30.  In several of these filings, she asserts her exemption under 11 U.S.C. § 522(d) as a basis for restoring the property to her.  Without reaching the issue, the court notes that because the amount of the mortgage debt exceeded the value of the residence, the residence likely remained "liable" for the debt under 11 U.S.C. § 522(c)(2) at the time of the foreclosure, despite the exemption.  In any event, the reasons the court has given for dismissing the adversary proceeding apply equally to these various letters and other informal filings, and the dismissal of the adversary proceeding will render them moot, at least insofar as directed to this court.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 14) is GRANTED and the Clerk shall enter judgment dismissing this adversary proceeding.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ms. Melindia Gail Jackson, Elizabeth M. Abood-Carroll, Esq., Ms. Gail Beach, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 25, 2016**



_____

Scott W. Dales
United States Bankruptcy Judge